J-A12044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LURUBE DEVELOPERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH PURUL | : | |
| | : | |
| | : | No. 1329 EDA 2024 |
| v. | : | |
| | : | |
| | : | |
| THOMAS AND CONSTANCE CLERICO | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2020, NO. 00587

BEFORE:    STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED AUGUST 11, 2025**

Thomas and Constance Clerico ("the Clericos"), intervenors in the action below, appeal from the order granting Joseph Purul's ("Appellee") motion to dismiss for failure to prosecute.  Because the Clericos waived all issues on appeal, we affirm.

We briefly note the following facts and procedural history.  Lurube Developers, LLC ("Lurube") filed the underlying action to quiet title to the property located at 1701 Montrose Street, Philadelphia in 2020.  The Clericos intervened in the matter in 2022.  As meticulously detailed in the trial court opinion, there have been constant delays in this matter due to requests for extensions of time, discovery issues, disputed settlements, and the failure of

Lurube to obtain new counsel in a timely manner after its original counsel withdrew in April 2023. **See** Trial Court Opinion, 1/9/25, at 2-13.

Approximately one year later, Appellee filed a motion to dismiss for failure to prosecute, which he served on counsel for the Clericos and on the still unrepresented Lurube. **See id**. at 9. Neither party filed a response to the motion,[1] and the trial court granted the motion on May 3, 2024. The Clericos filed a motion for reconsideration, which the trial court denied. All parties[2] filed timely separate notices of appeal.[3]

On appeal, the Clericos raise four issues for our review:

1. Did the trial court abuse its discretion in dismissing the action for lack of prosecution without considering the Clericos' substantial property rights as mortgagees and the evidence of fraud in the underlying transaction?

2. Were the trial court's factual findings regarding the Clericos' interest in the property and their role in the proceedings clearly erroneous?

3. Did the trial court err in failing to consider evidence of fraud in the underlying transaction when dismissing the action?

4. Did the dismissal order violate the Clericos' due process rights and fundamental fairness?

_____

[1] Raymond Johnson who purported to be a "member" of Lurube filed a motion to intervene (which the trial court denied), and a motion for an extension of time to file an individual response to Appellee's motion, which the trial court also denied. **See id**. at 10.

[2] Lurube filed a separate appeal docketed at 1560 EDA 2024. Although this Court sought to consolidate the two appeals, Appellee objected, and the matters were not consolidated.

[3] The Clericos and the trial court complied with Pa.R.A.P. 1925.

The Clericos' Brief at 2-3 (record citations omitted).

This Court has stated:

The entry of a judgment of *non pros* and a subsequent request for relief from such judgment are governed by different tests.

To dismiss a case for inactivity pursuant to a defendant's motion for *non pros* there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.

In contrast, a petition to open a judgment of *non pros* is governed by a different standard. Pennsylvania Rule of Civil Procedure 3051(c) provides as follows:

**Rule 3051(c) Relief from Judgment of *Non Pros***

(c) If the relief sought includes the opening of the judgment of *non pros* for inactivity, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a meritorious cause of action, and

(3) the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements for entry of a judgment of *non pros* for inactivity have been satisfied:

(i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,

(ii) the plaintiff has failed to show a compelling reason for the delay, and

- 3 -

> > (iii) the delay has caused actual prejudice to the defendant.
>
> Pa.R.C.P. No. 3051(c). Thus, in addition to challenging the court's application of the [] test, a petitioner **must also timely file his petition and assert a meritorious cause of action**.
>
> Both standards are subject to the same abuse of discretion standard of appellate review. This Court must assure that the trial court did not abuse its discretion in balancing all of the surrounding facts and circumstances present at the time of the entry.
>
> However, any appeal related to a judgment of *non pros* **lies not from the judgment itself, but from the denial of a petition to open or strike**. A party seeking to open a judgment of *non pros* must show that its petition to open satisfied the material elements of Pennsylvania Rule of Civil Procedure 3051(c). The test requires the movant to establish all three prongs. One of the required elements of a Pa.R.C.P. 3051 petition is that facts must be shown to exist which support a meritorious cause of action. Thus, the failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of *non pros*.

*Intech Metals, Inc. v. Meyer, Wagner & Jacobs*, 153 A.3d 406, 410-11 (Pa. Super. 2016) (most citations omitted, quotation marks omitted, brackets, omitted, bracket and emphases added).

Appellee argues the Clericos waived all issues on appeal because they never filed a petition pursuant to Pa.R.Civ.P. 3051(c). **See** Appellee's Brief at 17-21. Upon review, we agree with Appellee that the Clericos failed to preserve any issues for appellate review. The Clericos did not file a response to the motion for dismissal for failure to prosecute and did not file a petition pursuant to Pa.R.Civ.P. 3051(c). Their request for reconsideration was not akin to a petition to open or strike a judgment of *non pros* pursuant to Rule

- 4 -

3051. While the Clericos purported to explain why they did not timely file a response to the motion, they failed to assert a potentially meritorious cause of action against Appellee. *See* Motion for Reconsideration, 5/7/24, at 1-2 (unnumbered); *see also Krell v. Silver*, 817 A.2d 1097, 1102 (Pa. Super. 2003) (declining to equate a motion for reconsideration to a petition filed pursuant to Rule 3051 when Krell "made no indication that her motion/petition was promptly filed or that there were facts which supported a meritorious cause of action"). Thus, the Clericos waived all issues on appeal.

Even if we were to consider the motion for reconsideration the equivalent of a petition pursuant to Pa.R.Civ.P. 3051(c), we would still be constrained to find waiver, as the issues raised on appeal were not included in the motion for reconsideration and not raised in the Clericos' Rule 1925(b) Statement. *See* Statement of Errors Complained of on Appeal, 6/11/24, at 1-2 (unnumbered). *See also* Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the concise statement are waived); Pa.R.A.P. 302(a) (providing issues not raised in the lower court are waived and cannot be raised for the first time on appeal).[4]

_____

[4] The Clericos' less than three-page argument is both undeveloped and irrelevant. It fails to address their failure to prosecute this matter, the grounds necessary to open/strike a judgment, and simply criticizes the trial court's opinion for what they believe are factual errors. Thus, we could find waiver for this reason as well. *See  In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent
*(Footnote Continued Next Page)*

We therefore affirm the trial court's order granting Appellee's motion to dismiss for failure to prosecute.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/11/2025

---

discussion, with references to the record and with citations to legal authorities.") (citation omitted).